110 F.3d 72
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward Joseph WHALEN, a single man Plaintiff-Appellant,
v.
Philip F. RUST, husband; Carol J. Rust, wife, aka Mrs.
Philip F. Rust; Rust Investigations, Inc., an Arizona
corporation; Dallas C. Lane and Mrs. Dallas C. Lane,
husband and wife; Transamerica Insurance Company, a foreign
corporation, Defendants-Appellees.
Sandra PARKER, a single person Plaintiff-Appellant,
v.
Dallas C. LANE and Sandra Jean Lane, husband and wife,
Defendants-Appellees.
 Nos. 96-15198, 96-16374.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 13, 1997.
Decided March 31, 1997.
 
 1
 Before: NOONAN and O'SCANNLAIN, Circuit Judges; RHOADES,* District Judge:
 
 
 2
 MEMORANDUM**
 
 
 3
 Sandra Parker appeals the district court's grant of summary judgment in favor of Dallas Lane, an arson investigator for the city of Cottonwood, Arizona, and his wife in Parker's action pursuant to 42 U.S.C. § 1983, alleging her constitutional rights were violated when she was arrested for arson for a fire that destroyed the home of her associate Edward Joseph Whalen. Whalen appeals the district court's grant of summary judgment, following partial summary judgment and a bench trial, in favor of Transamerica Insurance Company ("TIC"), which issued a homeowner's policy to Whalen, Philip Rust (a fire investigator retained by TIC), and others in Whalen's action, pursuant to 42 U.S.C. § 1983, alleging civil rights violations in connection with his arrest for arson, arising from the burning of his house. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 4
 First, the district court did not abuse its discretion in not exercising supplemental jurisdiction over the state law claims for negligence, gross negligence, wrongful arrest and imprisonment, malicious prosecution, false light invasion of privacy, and intentional (or alternatively, negligent) infliction of emotional distress. Harris v. Joint School Dist. No. 241, 41 F.3d 447, 449 (9th Cir.1994). Because the district court dismissed all the claims over which it had original jurisdiction, only the federal constitutional claims are properly before this court.
 
 
 5
 Second, the district court did not err in finding that TIC and Rust's conduct did not constitute "state action" under section 1983, because simply providing a copy of the investigation report to local authorities does not amount to state action as "willfully participating" with a governmental actor. United States Steelworkers of America v. Phelps Dodge Corp., 865 F.2d 1539, 1540 (9th Cir.) (en banc), cert. denied, 493 U.S. 809 (1989). Even if Rust, TIC's fire investigator, attempted to extort a release of the insurance claim from Whalen, we conclude that this conduct did not amount to a violation actionable under section 1983.[1]
 
 
 6
 Third, Lane was entitled to qualified immunity, because at the time of arrest, there was ample evidence such as the credible witnesses and the grand jury indictment to support Lane's belief that probable cause existed. Malley v. Briggs, 475 U.S. 335, 340-41 (1986). And finally, we deny TIC and Rust's request for attorneys' fees pursuant to 42 U.S.C. § 1988, because the claims were not unreasonable. Hughes v. Rowe, 449 U.S. 5, 14 (1980).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The Honorable John S. Rhoades, Sr., Senior United States District Judge for the Southern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Whalen and Parker maintain that when a private party uses a criminal complaint "to coerce a release of civil liability" from a person, the private party can be held accountable under section 1983. Lusby v. T.G. & Y Stores, Inc., 749 F.2d 1423, 1430, 1439 (10th Cir.1984) (holding that where local police allowed store security guard "to substitute his judgment for that of the police," "[s]uch cooperative activity between the police department and a private party is sufficient to make [the guard] a party acting under color of state law"), cert. denied (as to the private defendants), 474 U.S. 818 (1985). Because there was really no evidence of conspiracy or willful participation between Rust and Lane, we decline to accept this argument